U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT KEVIN MCCARTNEY, et al.,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 05-MC-00039 |
| VERSUS | |
| WILLIAM EARL HILTON, et al.,<br>Defendants | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

McCartney filed a motion for permission to file a civil proceeding and a motion to reinstate a prior civil proceeding. McCartney is a litigant who filed the same claims in several lawsuits, although they had already been litigated in this court. McCartney has been sanction-barred by the Fifth Circuit Court of Appeals from filing any new civil actions without permission from the forum court.

In his current motion, McCartney seeks permission to pursue the same claims which have already been considered and which formed the basis for his sanction-bar, alleging newly-discovered evidence which was provided to him on October 28, 2004. McCartney contends the new evidence "displays perjury by Det. Terral, an illegal arrest of Robert Kevin McCartney, destruction or altering of an arrest warrant for John Mitchum as it pertains to probable cause on plaintiff's arrest, etc." McCartney filed this claim pursuant to

a both <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), and 42 U.S.C. § 1983, asking this court to reopen his prior cases on this issue, and requesting monetary damages due to false arrest and illegal detention. Apparently, McCartney has filed a Rule 60(b) motion to reopen as well as requesting permission from the court to file a new complaint.

McCartney's request for permission to file yet another complaint, on the same cause of action on which he has already filed numerous complaints, should be denied. McCartney has not specified what the new evidence is or explained why it was previously unavailable. Moreover, "new evidence" does not justify reopening cases which were closed several years ago, pursuant to Rule 60(b). <u>Bailey v. Ryan Stevedoring Co., Inc.</u>, 894 F.2d 157, 160 (5th Cir.), cert. den., 498 U.S. 829, 111 S.Ct. 89 (1990).

Therefore, McCartney's motion for permission to file a new complaint should be denied, and his action should be dismissed with prejudice as sanction-barred.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that McCartney's motion for permission to file a new complaint be DENIED and that McCartney's action be DISMISSED WITH PREJUDICE AS SANCTION-BARRED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

2

Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of December, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE